J-S23036-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FAHAD TRAORE | : | |
| | : | |
| Appellant | : | No. 3222 EDA 2025 |

Appeal from the PCRA Order Entered October 21, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000098-2024

BEFORE:   LAZARUS, P.J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:               **FILED JULY 31, 2026**

Appellant, Fahad Traore, appeals from the denial of his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Because Appellant failed to file a court-ordered concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), he has waived all issues for review.  Accordingly, we affirm.

On June 17, 2024, Appellant entered a negotiated guilty plea to fleeing or attempting to elude a police officer as a felony of the third degree and two summary traffic offenses: failure to stop at a steady red signal and fraudulent use or removal of registration plate.[1]  N.T. Guilty Plea/Sentencing Hearing,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3733(a), 3112(a)(3)(i), and 7124, respectively.

6/17/24, 5-6, 9-11. In his oral guilty plea colloquy, Appellant accepted the following summary of the facts underlying his charges:

> [On] November 5th, 2023[, p]olice observed a vehicle drive through a steady red light signal at the intersection of Wilmington Pike and Old Wilmington Pike in Birmingham Township, Pennsylvania. Police activated their lights and sirens in an attempt to conduct a traffic stop, but the vehicle driven by [Appellant] failed to stop.
>
> [Appellant] initiated a high[-]speed chase with the police[,] driving approximately 70 to 80 miles per hour[,] while weaving in and out of traffic, tailgating other vehicles, and cutting off other drivers. Police terminated the pursuit due to safety concerns.
>
> The vehicle [Appellant] was operating[] had a fraudulent Pennsylvania registration plate that did not come back to a vehicle. The police learned that[,] subsequent[] to the chase, [Appellant] posted dash camera footage of the pursuit on TikTok and commented about using a fake registration plate identification from law enforcement. The police were able to identify [Appellant] through the social media posts.

*Id.* at 3, 6. In exchange for the guilty plea, the Commonwealth agreed to recommend a sentence of three years' probation for the fleeing offense and fines for the remaining offenses. *See* Written Guilty Plea Colloquy, 6/17/24, 3-4. On the same date, the court entered the agreed-upon sentence. *See* N.T. Guilty Plea/Sentencing Hearing, 10-11; Order ("Sentencing Sheet"), 6/17/24, 1. Appellant did not file any post-sentence motions or an appeal.

On May 30, 2025, Appellant filed a *pro se* PCRA petition. *See Pro Se* PCRA Petition, 5/30/25, 1-2. Counsel was appointed and, on September 12, 2025, filed a no-merit letter pursuant to ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), along with a petition for leave to withdraw

as counsel. *See* Order (counsel appointment), 6/2/25, 1-2; *Finley* Letter, 9/12/25, 1-8; Petition for Leave to Withdraw as Counsel, 9/12/25, 1-2. On September 26, 2025, the PCRA court permitted Appellant's counsel to withdraw from representation and issued notice of its intent to dismiss the PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 907. *See* Order (Rule 907 notice/counsel withdrawal), 9/26/25, 1-2. On the same date, Appellant filed correspondence that he characterized as a supplement to his *pro se* PCRA petition. *See Pro Se* Supplement, 9/26/25, 1-3. On October 21, 2025, the PCRA court dismissed the petition and the supplement. *See* Order (PCRA dismissal), 10/21/25, 1.

On December 8, 2025, Appellant filed a *pro se* notice of appeal. *See Pro Se* Notice of Appeal, 12/8/25, 1. The PCRA court thereafter ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). *See* Order (Rule 1925), 12/11/25, 1. Appellant did not file the court-ordered Rule 1925(b) statement. *See* PCRA Court Opinion, 1/20/26, 2.

While this appeal has been pending, Appellant filed an application for the appointment of counsel that we denied. *See Pro Se* Application for Appointment of Counsel, 2/19/26, 1-2; Superior Court Order (denial of application for appointment of counsel); 2/19/26, 1. On March 2, 2026, we issued a rule to show cause order, directing Appellant to file a written response, within ten days, explaining why this appeal should not be quashed as untimely filed. *See* Superior Court Order (rule to show cause), 3/2/26, 1.

In a timely response, Appellant acknowledged that his notice of appeal from the October 21, 2025 dismissal order was filed on December 8, 2025, and requested consideration of this appeal for the following reasons:

1. I am proceeding *pro se* and navigated the complex PCRA appellate process without counsel.

2. I acted promptly upon understanding the appeal process and immediately filed once I could prepare the notice.

3. Dismissing my appeal would deny me meaningful access to the Superior Court to challenge the dismissal of my PCRA petition and my claims of ineffective assistance of counsel.

Response to Rule to Show Cause Order, 3/13/26, 1. On March 2, 2025, we referred the issue addressed by our rule to show cause order to the panel assigned to decide the merits of this appeal. *See* Superior Court Order (discharging rule to show cause order), 3/17/26, 1.

Appellant presents the following questions for our review:

1. Whether the PCRA court erred in dismissing Appellant's petition without an evidentiary hearing[?]

2. Whether plea counsel rendered ineffective assistance by failing to investigate and challenge key evidence[?]

3. Whether Appellant's guilty plea was not knowing, voluntary, and intelligent due to ineffective assistance[?]

Appellant's Brief, 6-7 (unpaginated).

Before we can consider the merits of this appeal, we must first determine whether the instant appeal is properly before us based on a proper invocation of our jurisdiction through the filing of a timely notice of appeal. *See Commonwealth v. Powell*, 290 A.3d 751, 755 n.8 (Pa. Super. 2023)

- 4 -

("one's failure to appeal timely from an order generally divests the appellate court of its jurisdiction to hear the appeal") (internal quotation marks and citation omitted). Absent extraordinary circumstances, such as fraud or a breakdown in court process, this Court has no jurisdiction over an untimely appeal. *See Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007).

Under Pennsylvania Rule of Appellate Procedure 903(a), an appellant has thirty days to file an appeal after the entry of an order from which an appeal can be taken. *See* Pa.R.A.P. 903(a). On October 21, 2025, the PCRA court dismissed Appellant's instant PCRA petition. Appellant thus had thirty days to appeal that order, until November 20, 2025. Appellant did not file his notice of appeal until December 8, 2025. In his response to our rule to show cause order, Appellant did not allege any breakdown in court process that prevented him from timely filing his notice of appeal. Instead, he attributed the untimely filing to how long it took him, as a *pro se* litigant, following the withdrawal of his appointed PCRA counsel, to learn to "understand the appeal process." Response to Rule to Show Cause Order, 3/13/26, 1.

While Appellant does not directly assert that a breakdown in court process affected his ability to timely file a notice of appeal, we nevertheless discern from the certified record that an apparent breakdown in court process occurred. As with all orders, the clerk of courts was required to promptly serve a copy of an order dismissing a PCRA petition "on each party's attorney, *or the party if unrepresented*." Pa.R.Crim.P. 114(B)(1) (emphasis added).

Rule 114 permits service on an unrepresented party by, *inter alia*, "certified, registered, or first class mail addressed to the party's place of residence, business, or confinement." Pa.R.Crim.P. 114(B)(3)(v). Here, where the PCRA court permitted the withdrawal of Appellant's counsel at the same time as the court issued its Rule 907 dismissal notice, the subsequent dismissal order should have been served on Appellant in his *pro se* capacity as he no longer had counsel of record. There is no record that Appellant was served with the dismissal order in a timely fashion.

Instantly, the docket reflects the service of the PCRA court's dismissal order on the chief deputy district attorney of the Chester County District Attorney's Office and an assistant public defender whose colleague was permitted to withdraw as PCRA counsel following the filing of the **Finley** no-merit letter. The PCRA court's docket does not indicate service of the order on Appellant. As Appellant was unrepresented at the time of the dismissal of his petition, the clerk of court's failure to serve him with a copy of the dismissal order—and note that service on the docket—was a breakdown in the court process. We therefore decline to quash Appellant's appeal as untimely. **See Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa. Super. 2000) (where the docket did not indicate the clerk of courts furnished the order, from which the appeal was taken, to the appellant, "we assume the period for taking an appeal was never triggered and the appeal is considered timely.").

Before proceeding with substantive review of the claims presented, we must next address Appellant's failure to file a court-ordered Rule 1925(b)

concise statement. When a PCRA court orders an appellant to file a Rule 1925(b) concise statement, he must comply to preserve his claims for appeal. *See Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005); *see also* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement … are waived."). Unlike with the dismissal order, however, the PCRA court's docket indicates that the court's Rule 1925 order was timely served on Appellant on the date of the order's filing via first class mail.[2] In his brief, Appellant argues that waiver based on his failure to file a Rule 1925(b) concise statement should not apply because he "was proceeding *pro se* at the time [of the issuance of the PCRA court's Rule 1925 order] and [he] lacked legal training." Appellant's Brief, 17 (unpaginated). Without referring to any supporting law, he alleges that "[c]ourts have recognized that procedural rules should not be applied in a manner that unfairly deprives a *pro se* litigant of meaningful appellate review, particularly in cases involving constitutional claims." *Id.* He also argues that Rule 1925(b) waiver is inappropriate because he "has consistently raised the same issues throughout the proceedings[.]" *Id.*

---

[2] Here, the PCRA court's order satisfied all the requirements dictated by Rule 1925(b)(3). It contained the number of days after the date of the entry of the order within which Appellant needed to file and serve his ordered statement, directed Appellant to "file of record" the ordered statement, noted that the statement needed to be served on the PCRA court pursuant to Rule 1925(b)(1) at an identified address for the court, and specified that "[a]ny issue not properly included in the [s]tatement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." Order (Rule 1925), 12/11/25, 1; *see* Pa.R.A.P. 1925(b)(3)(i)-(iv).

Contrary to Appellant's argument, established precedent holds that we may not overlook Appellant's failure to file the court-ordered concise statement. ***See Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a [Rule] 1925(b) statement will be deemed waived."). This bright-line application of waiver for failure to conform with Rule 1925(b) applies to *pro se* applicants with equal force. ***See, e.g., Commonwealth v. Schofield***, 888 A.2d 771, 773-75 (Pa. 2005) (holding *pro se* appellant who failed to comply with Rule 1925(b) waived all issues) (superseded by statute on other grounds); ***Commonwealth v. Boniella***, 158 A.3d 162, 163-64 (Pa. Super. 2017) (holding *pro se* appellant's failure to file timely Rule 1925(b) statement waived all issues); ***see also Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) (stating the provisions of Rule 1925(b) "are not subject to *ad hoc* exceptions or selective enforcement") (superseded on other grounds). This bright-line waiver rule also applies to PCRA appeals. ***See Commonwealth v. Butler***, 812 A.2d 631, 634 (Pa. 2002).

As Appellant failed to file a Rule 1925(b) statement though ordered to do so by the PCRA court, we are precluded from addressing any of the issues presented, and, thus, affirm the order of the court below.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/31/2026